**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1299**

_____

STEVEN T. YOUNG,

        Petitioner,

      v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; HUNTINGTON INGALLS INDUSTRIES, INC.,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (22-0458)

_____

Submitted:  April 28, 2026                                Decided:  June 8, 2026

_____

Before WILKINSON, Circuit Judge, and TRAXLER and FLOYD, Senior Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Matthew H. Kraft, MATTHEW H. KRAFT, P.L.C., Virginia Beach, Virginia, for Petitioner.  Christopher R. Hedrick, MASON, MASON, WALKER & HEDRICK, PC, Newport News, Virginia, for Respondent Huntington Ingalls Industries, Inc.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven T. Young petitions for review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) denial of his request to modify his permanent partial disability benefits award under the Longshore and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. §§ 901-950. Young sought to convert his award to one for permanent total disability benefits based on new physical restrictions imposed by one of his physicians. In this petition for review, Young challenges the ALJ's finding that Newport News Shipbuilding and Dry Dock Company ("Employer") met its burden of establish suitable alternative employment for Young in the Hampton Roads, Virginia, area. We deny the petition, as amended.

"We review BRB decisions for errors of law and to ascertain whether the [BRB] adhered to its statutorily mandated standard for reviewing the ALJ's factual findings." *Ceres Marine Terminals, Inc. v. Green*, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted). We will affirm the factual findings of the ALJ "if supported by substantial evidence," but "[r]eview of legal questions is de novo." *Id.* (internal quotation marks omitted). "[S]ubstantial evidence . . . mean[s] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a mere scintilla but less than a preponderance." *Id.* (citation modified).

We may not disregard the ALJ's findings "on the basis that other inferences might have been more reasonable." *Id.* at 240 (internal quotation marks omitted). Rather, "[d]eference must be given to the [ALJ's] inferences and credibility assessments, and we have emphasized the scope of review of ALJ findings is limited." *Id.* (internal quotation

2

marks omitted).  Nevertheless, "[t]he ALJ may not merely credulously accept the assertions of the parties or their representatives, but must examine the logic of their conclusions and evaluate the evidence upon which their conclusions are based."  *Dir., Off. of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*, 138 F.3d 134, 140 (4th Cir. 1998).

"The Act provides compensation to longshore workers who have experienced on-the-job injuries for the economic harm suffered as a result of the decreased ability to earn wages."  *Marine Repair Servs., Inc. v. Fifer*, 717 F.3d 327, 334 (4th Cir. 2013) (internal quotation marks omitted).  As a threshold showing for entitlement to benefits, "a claimant must first establish a prima facie case by demonstrating an inability to return to prior employment due to a work-related injury."  *Id.* (internal quotation marks omitted).  If the claimant satisfies this threshold showing, "the burden shifts to the employer to demonstrate the availability of suitable alternative employment which the claimant is capable of performing."  *Id.* (internal quotation marks omitted).  The employer may meet this standard by providing suitable alternative employment for the claimant or by "demonstrat[ing] that such employment is available to the injured worker in the relevant labor market."  *Id.* (citation modified).  Finally, "[i]f the employer meets this burden, its obligation to pay disability benefits is either reduced or eliminated, unless the employee shows that he diligently but unsuccessfully sought appropriate employment."  *Id.* (internal quotation marks omitted).

"As [Young] established disability by showing that he is unable to return to his job [with Employer], this case turns on whether [Employer] has met its burden of showing

3

suitable alternative employment." *Id.* "[T]o meet its burden, an employer must present evidence that a range of jobs exists which is reasonably available and which the disabled employee is realistically able to secure and perform." *Id.* at 336 (internal quotation marks omitted). That is, "[t]here must be a reasonable likelihood, given the claimant's age, education, and vocational background that he would be hired if he diligently sought the jobs the employer presents." *Id.* (citation modified).

It is not enough to "demonstrat[e] a single job opening." *Id.* But "[o]nce the employer has presented a range of appropriate jobs, . . . the employer need not contact prospective employers to inform them of the qualifications and limitations of the claimant and to determine if they would in fact consider hiring the candidate for their position." *Id.* (internal quotation marks omitted). Moreover, the employer need not "contact the prospective employers in [its] survey to obtain their specific job requirements before determining whether the claimant would be qualified for such work." *Id.* (internal quotation marks omitted). Instead, "if the employer demonstrates the availability of specific jobs in a local market, [it] may rely on standard occupational descriptions to fill out the qualifications for performing such jobs." *Id.* (internal quotation marks omitted).

Here, the ALJ identified nine positions in the Hampton Roads area that Young could be expected to perform and compete for and found that those positions satisfied Employer's burden of demonstrating suitable alternative employment. Young argues that, in so finding, the ALJ erred by failing to properly account for his advanced age and extended absence from the workforce. Although Young frames this as a legal challenge, we agree with Employer that Young is challenging the adequacy of the ALJ's factfinding. And,

4

under that rubric, the ALJ's findings are entitled to deference if supported by substantial evidence. *See Green*, 656 F.3d at 239-40.

Young primarily takes issue with the ALJ's inference that Employer's vocational expert, Barbara Harvey, considered his advanced age and extended absence from the workforce when compiling her lists of suitable alternative employment. After reviewing the record, we conclude that this inference is supported by substantial evidence. Notably, Harvey testified that, when preparing labor market surveys, she generally accounts for, among other factors, an individual's demographic information and employment history. And there is no evidence that Harvey deviated from her usual practice here. She learned about Young's extended absence from the workforce during her interview with him and appropriately limited him to entry-level, unskilled or semiskilled positions. Moreover, Harvey's testimony about the robust job market supports the inference that Young's advanced age and extended absence from the workforce were not as limiting as Young contended.

Because substantial evidence supports the ALJ's finding that Employer met its burden of demonstrating suitable alternative employment, we deny Young's petition for review, as amended. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

5